**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARLOS MOLINER,**

**Plaintiffs,**

**v.** **Case No: 6:26-cv-47-PGB-DCI**

**ICON ICE CREAM LLC, ALEXEY NIKITIN, and MAXIM DREEV,**

**Defendants.**

---

# ORDER

Before the Court is the parties' joint motion for approval of their settlement agreement in this Fair Labor Standards Act (FLSA) case. Doc. 26 (the Motion). Attached to the Motion is the settlement agreement. Doc. 26-1 (the Agreement). The Motion is due to be denied without prejudice because the parties fail to adequately address the issue of liquidated damages.

In the Motion, the parties assert that, "The agreed-upon gross settlement payment of $27,000.00 represents a settlement sum payment of $18,000.00 for the unpaid amount of $18,995.85 that the Plaintiff is claiming as his best case that he is owed in unpaid overtime plus an amount of $9,000.00 for liquidated damages." Doc. 26 at 6. In the Motion, the parties do not address the reason for the liquidated damages being just one half of the unpaid wage amount. *See* Doc. 26.

Any settlement of FLSA claims must either be supervised by the Secretary of Labor or must be approved as a fair and reasonable settlement by the Court. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In addressing the settlement amount, 29 U.S.C. § 216(b) provides that, "Any employer who violates" the minimum wage

provision "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." But "if the employer shows to the satisfaction of the court that the act or omission giving rise to" an action to recover unpaid minimum wages under the FLSA "was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," then "the court may, in its sound discretion, award no liquidated damages." *Id.* § 260. "In conjunction, these two provisions mean that 'liquidated damages are mandatory absent a showing of good faith.'" *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 849 (11th Cir. 2019) (quoting *Spires v. Ben Hill Cty.*, 980 F.2d 683, 689 (11th Cir. 1993); *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987); *see Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). As such, if a settlement occurs, the Court must review for reasonableness and fairness the amount of unpaid wages *and* the amount of liquidated damages paid, if any.

Again, in the Motion, the parties fail to address why the liquidated damages amount is only one half of the unpaid wages. *See* Doc. 26; *see Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) ("[A] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them.") (citation omitted). Further, in Plaintiff's answer to the Court's interrogatories, Plaintiff asserted entitlement to the full amount of liquidated damages. *See* Doc. 19 at 4. The Court, therefore, finds that it cannot adequately review the settlement for fairness and reasonableness based upon the information provided.

That said, the undersigned notes that the Agreement is otherwise unobjectionable, and would likely result in approval absent the unexplained issue concerning liquidated damages.

Accordingly, the Motion (Doc. 26) is **DENIED without prejudice**. The parties must file a renewed motion to approve their FLSA settlement within 14 days.[1]

**ORDERED** in Orlando, Florida on October 21, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

[1] The parties are reminded that they may consent to the jurisdiction of the magistrate judge at any time. In particular, consent following settlement in an FLSA case obviates the need for the issuance of a report and recommendation to approve the settlement and close the case.